1          THE HONORABLE JAMES L. ROBART

2

3

4

5

6

7                UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF WASHINGTON
8                       AT SEATTLE

9   0912139 B.C., LTD., a Canadian            No. 2:18-cv-01464-JLR
    corporation, and PAKAGE APPAREL,
10  INC., a Canadian corporation,             ORDER ESTABLISHING PROTOCOL
                                              FOR DOCUMENT AND
11              Plaintiffs,                    ELECTRONICALLY STORED
                                              INFORMATION COLLECTION AND
12       v.                                   PRODUCTION

13  RAMPION USA INC., a Washington
    corporation, and RAMPION
14  ENTERPRISES LTD., a Canadian
    corporation,
15
                Defendants.
16

17                          **I. GENERAL GUIDELINES**

18       1.      This Order Establishing Protocol for Document and Electronically Stored

19  Information Collection and Production ("Order" or "Protocol") is intended to govern the

20  discovery, collection, and production of electronically-stored information ("ESI"). This Protocol

21  supplements the Federal Rules of Civil Procedure and the Western District of Washington Local

22  Rules but is not intended to expand any document preservation or production requirement

23  beyond the Federal Rules of Civil Procedure or to limit any protections otherwise available to a

24  Party under the Federal Rules of Civil Procedure or the Federal Rules of Evidence.

25  //

26  //

ORDER ESTABLISHING PROTOCOL FOR DOCUMENT AND ELECTRONICALLY - 1
STORED INFORMATION COLLECTION AND PRODUCTION
(2:18-cv-01464-JLR)                                    STOEL RIVES LLP
99292229.4 0068561-00001                                   ATTORNEYS
                                              600 University Street, Suite 3600, Seattle, WA 98101
                                                    Telephone 206.624.0900

1       2.     The proportionality standard set forth in Federal Rule of Civil Procedure 26(b)(1)

2    applies to this plan, and requests for production of ESI and related responses should be

3    reasonably targeted, clear, and as specific as possible.

4              **II.  IDENTIFICATION AND COLLECTION OF DOCUMENTS**

5    **A.**     **Unsearchable Documents**

6       3.     When a repository of documents is likely to include responsive information but

7    text-based search technologies are not likely to be effective to identify such information, such as

8    for image files, unsearchable databases, and other unsearchable structured or aggregated data

9    sources, the Producing Party shall confer with the Receiving Party about whether any appropriate

10   and reasonable steps exist to determine or locate responsive information contained within such

11   unsearchable documents.

12   **B.**     **Reservation of Rights**

13       4.     Upon reviewing any production made by another Party in this action or

14   conducting other investigation and discovery, any Receiving Party may request that documents

15   from additional non-custodial data sources and custodians be produced, or request to confer

16   regarding the parameters used for document collection, search, and review, and any Producing

17   Party may object to such requests. Nothing in this paragraph (or in this Protocol) shall obligate a

18   Producing Party to produce documents from additional non-custodial data sources or custodians.

19   **C.**     **Claw Back of Inadvertently Produced Privileged Documents**

20       5.     To facilitate reliance on cost-saving Electronic Privilege Searches, the Court

21   hereby adopts the following claw back provision:

22           a.     For purposes of this claw back provision, an "Inadvertently Produced

23   Document" is any privileged document, ESI, or Email File produced to a party without intent to

24   waive privilege and that could have been withheld, in whole or in part, based on a good faith

25   claim of attorney-client privilege, work-product protection, or other applicable privilege.

26   //

ORDER ESTABLISHING PROTOCOL FOR DOCUMENT AND ELECTRONICALLY - 2
STORED INFORMATION COLLECTION AND PRODUCTION
(2:18-cv-01464-JLR)

99292229.4 0068561-00001

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone 206.624.0900

1          b.          Inclusion of any Inadvertently Produced Document in any production of

2     documents, ESI, or Email Files, shall not result in the waiver of any privilege or protection

3     associated with such document, ESI, or Email File, nor result in a subject matter waiver of any

4     kind.

5          c.          A Producing Party may demand the return of any Inadvertently Produced

6     Document, which demand shall be made to the Receiving Party's counsel in writing and shall

7     contain information sufficient to identify the Inadvertently Produced Document.  Within five (5)

8     business days of the demand for the Inadvertently Produced Document, the Producing Party shall

9     provide the Receiving Party with a privilege log for such document that is consistent with the

10    requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of

11    privilege for the Inadvertently Produced Document.  In the event that any substantial portion of

12    the Inadvertently Produced Document does not contain privileged information, the Producing

13    Party shall provide a redacted copy of the Inadvertently Produced Document omitting the

14    information that the Producing Party believes is subject to a claim of privilege.

15         d.          Upon receipt of a written demand for return of an Inadvertently Produced

16    Document, the Receiving Party shall immediately return the Inadvertently Produced Document

17    (and any copies thereof) to the Producing Party and shall immediately delete all electronic

18    versions of the document and any reference to the substance of that document in any work

19    product.

20         e.          If a Receiving Party receives a document that upon review it has reason to

21    believe may be an Inadvertently Produced Document, the Receiving Party shall immediately

22    notify the Producing Party to permit the Producing Party an opportunity to demand its return in

23    accordance with the above procedure.  The Producing Party shall timely respond to any such

24    notice.  Until the Producing Party responds to that notice, the Receiving Party shall ensure that

25    such document is not further disclosed to any person.

26    //

ORDER ESTABLISHING PROTOCOL FOR DOCUMENT AND ELECTRONICALLY - 3
STORED INFORMATION COLLECTION AND PRODUCTION
(2:18-cv-01464-JLR)
99292229.4 0068561-00001

1       **III. PRODUCTION OF HARD COPY DOCUMENTS - FORMAT**

2       6.      Hard copy documents should be scanned as single-page, Group IV, 300 DPI TIFF

3    images with an .opt image cross-reference file and a delimited database load file (*i.e.*, .dat). The

4    database load file should contain the following information: Custodian(s), Bates Number

5    Beginning, Bates Number Ending, Family Range Beginning (Parent/Child Order), Family Range

6    Ending (Parent/Child Order). The documents should be logically unitized (*i.e.*, distinct

7    documents shall not be merged into a single record, and single documents shall not be split into

8    multiple records) and be produced in the order in which they are kept in the usual course of

9    business. Document pages that have affixed notes, such as Post-it notes, shall be imaged with

10   and without the note attached. Except for email files (*e.g.* .msg files), if an original document

11   (including an email attachment) contains color, then the document produced shall be in color,

12   produced as single-page, 300 DPI JPG images with JPG compression and a high-quality setting

13   as to not degrade the original image. Multi-page OCR text for each document should also be

14   provided. The OCR software shall maximize text quality. Settings such as "auto-skewing" and

15   "auto-rotation" should be turned on during the OCR process.

16      7.      If any Party determines that any of the specific requirements in this section

17   impose an undue burden or otherwise present an issue with respect to compliance, the Parties

18   shall meet and confer regarding that issue, including discussing any appropriate resolution of that

19   issue or alternative process.

20                      **IV. PRODUCTION OF ESI**

21   **A.    Process for Discovery of ESI**

22      8.      Consistent with Rules 26 and 34 of the Federal Rules of Civil Procedure, the

23   Parties agree that, in response to discovery requests from another Party, they have the obligation

24   to search for non-privileged ESI in that Party's possession, custody, or control that is relevant

25   and proportional to the needs of this case. While not affecting the parties' obligations to search

26   for ESI responsive to specific requests for production, the Parties shall designate custodians and

ORDER ESTABLISHING PROTOCOL FOR DOCUMENT AND ELECTRONICALLY - 4
STORED INFORMATION COLLECTION AND PRODUCTION
(2:18-cv-01464-JLR)

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

1   propound search terms to generally collect email files relevant to the issues in this case.  As such,

2   the Parties will cooperate to identify the proper custodians, proper search terms, and a proper

3   timeframe as set forth more fully below.

4         9.     The Parties shall meet and confer regarding: (a) the ~~identify~~ identity and role of custodians

5   possessing relevant information from whom documents will be collected and produced; (b)

6   search methodology and search terms, if any, to be applied; (c) any locations and descriptions of

7   relevant data sources, including custodial, non-custodial, and third-party documents; and (d) any

8   applicable and appropriate time frames for collection, review, and production of documents.

9         10.    The Parties will confer regarding keyword search methodologies, search terms,

10   date restrictions, and custodian restrictions.  The Parties shall participate in an iterative and

11   cooperative approach in which the Parties will meet and confer regarding reasonable and

12   appropriate methods to increase the relative precision or proportion of relevant and responsive

13   documents within the search results and production sets, including exchanging "hit count

14   reports."

15         11.    The parties agree to meet and confer, if necessary, to discuss in good faith

16   narrower search term(s) if the originally provided search term(s) yields results that the producing

17   party considers to be unreasonably voluminous.

18   **B.**    **Format**

19         12.    The Parties will produce ESI in single-page, monochrome, TIFF Group IV, 300

20   DPI TIFF images with the exception of spreadsheet files, database files, audio files, video files,

21   or other files that may not be reasonably viewed in TIFF format, which shall be produced in

22   native format (or alternatively, in the case of databases, through the production of a report

23   extracting responsive information).  Hidden content, tracked changes or edits, comments, notes

24   and other similar information viewable within the native file shall also be imaged so that this

25   information is captured on the produced image file.

26   //

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone 206.624.0900

1      13.    A Producing Party shall be particularly conscientious of word processing files

2  (such as Word) and presentation type files (such as PowerPoint) with hidden content, including

3  track changes, comments, notes, animation, etc., to ensure that the hidden content is fully

4  imaged.  If the hidden content does not image properly, then the Producing Party will produce

5  that document in native format.

6      14.    If a Receiving Party reasonably contends that a file that has been produced in

7  TIFF format may not reasonably be reviewed in that format, the Producing Party shall re-

8  produce that file in native format, or if the Parties continue to disagree, the Parties will confer

9  regarding a suitable means of production.  Except for email files (*e.g.* .msg files), if an original

10  document (including an email attachment) contains color, then the document produced shall be

11  in color, produced as single-page, 300 DPI JPG images with JPG compression and a high-quality

12  setting as to not degrade the original image. Parties are under no obligation to enhance an image

13  beyond how it was kept in the usual course of business.  To the extent practicable, TIFFs/JPGs

14  will show a document with the text and images that would be visible to the reader using the

15  native software that created the document.  For example, TIFFs/JPGs of email messages should

16  include the BCC line.  TIFF images shall be named with the bates-number stamped on the image.

17  If, however, a TIFF/JPG will not show a document with all text and images that would be visible

18  to the reader using the native software that created the document (other than non-substantive

19  embedded files that may include text or graphics, such as logos), then the Producing Party shall

20  produce the file in native format.

21      15.    For ESI that the Producing Party produces in TIFF or JPEG format, the Producing

22  Party shall electronically brand a legible, unique Bates number onto each page.  Likewise, if the

23  Producing Party is producing the ESI in TIFF or JPEG format and that ESI is subject to a claim

24  that it is protected from disclosure (when, in such case, no native format production is required),

25  the Producing Party shall electronically brand the appropriate confidentiality designation onto

26  each page of the document.

ORDER ESTABLISHING PROTOCOL FOR DOCUMENT AND ELECTRONICALLY - 6
STORED INFORMATION COLLECTION AND PRODUCTION
(2:18-cv-01464-JLR)
99292229.4 0068561-00001

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

1        16.     If a document is produced in native format, a single-page Bates stamped image

2    slip-sheet stating the document has been produced in native format will also be provided. Each

3    native file should be named according to the Bates number it has been assigned, and should be

4    linked directly to its corresponding record in the load file using the NATIVELINK field. To the

5    extent that either party believes that specific documents or classes of documents, not already

6    identified within this protocol, should be produced in native format, the Parties shall meet and

7    confer.

8    **C.**     **De-Duplication**

9        17.     Each party may remove exact duplicate documents based on MD5 or SHA-1 hash

10   values, at the family level. Attachments should not be eliminated as duplicates for purposes of

11   production, unless the parent email and all attachments are also duplicates. An email that

12   includes content in the BCC or other blind copy field shall not be treated as a duplicate of an

13   email that does not include content in those fields, even if all remaining content in the email is

14   identical. Near-duplicate documents shall not be removed.

15       18.     Global de-duplication may be done across the entire collection and the

16   CUSTODIAN field will list each custodian, separated by a semi-colon, who was a source of that

17   document and the FILEPATH field will list each file path, separated by a semi-colon, and that

18   was a source of that document. If the CUSTODIAN or FILEPATH metadata fields produced

19   become outdated due to rolling productions, an overlay file providing all the custodians and file

20   paths for the affected documents will be produced prior to substantial completion of the

21   document production.

22       19.     All ESI will be produced with a delimited, Concordance Version 10 compatible

23   load file (*i.e.*, .dat) with an Opticon image cross reference file (*i.e.*, .opt or .log), which provides

24   for the image range of each record. Text shall be delivered separate from the load file as

25   separate text files which are named with the same Bates number name as the image files.

26   //

ORDER ESTABLISHING PROTOCOL FOR DOCUMENT AND ELECTRONICALLY - 7
STORED INFORMATION COLLECTION AND PRODUCTION
(2:18-cv-01464-JLR)
99292229.4 0068561-00001

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

**D.    Metadata**

    20.    All ESI will be produced with the metadata fields listed in Schedule 1 (attached). The metadata produced should have the correct encoding to enable preservation of the documents' original language.

**E.    Embedded Objects**

    21.    Embedded objects such as Excel spreadsheets, Word documents, audio and video files shall be extracted, considered "Child" attachments, and searched consistent with its category of ESI.  Non-substantive embedded files, such as logos, need not be extracted.  All embedded files produced under this procedure shall be produced subject to the same requirements set forth above.  For production purposes, embedded files shall be identified as attachments to the parent document in which the file was embedded, and load files for such embedded files shall refer to the parent document in which the file was embedded.

**F.    Compressed Files Types**

    22.    Compressed file types (*e.g.*, .ZIP, .RAR, .CAB, .Z) should be decompressed so that the lowest level document or file is extracted.

**G.    Structured Data**

    23.    To the extent a response to discovery requires production of electronic information stored in a database, or other repository of structured or aggregated data, including the production of text messages or similar communications, the Parties shall meet and confer regarding methods of production that will allow the requesting party to use and search the data in a meaningful way.  Parties shall consider whether querying the database for discoverable information and generating a report in a reasonably usable and exportable electronic file may provide all relevant information.

//

//

//

ORDER ESTABLISHING PROTOCOL FOR DOCUMENT AND ELECTRONICALLY - 8
STORED INFORMATION COLLECTION AND PRODUCTION
(2:18-cv-01464-JLR)
99292229.4 0068561-00001

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone 206.624.0900

1   **H.      Encryption**

2          24.      To maximize the security of information in transit, any production may be

3   encrypted.  In such cases, the Producing Party shall transmit the encryption key or password to

4   the Receiving Party, under separate cover, contemporaneously with sending the encrypted media.

5   **I.      Redactions**

6          25.      If documents that the Parties have otherwise agreed to produce in native format

7   need to be redacted, native format production will not be required.

8   **J.      Privilege Logs**

9          26.      With respect to privileged or work-product information generated after the filing

10  of the complaint, the Parties are not required to include any such information in privilege logs.

11          27.      Privilege Log Based on Metadata.  The Parties agree that privilege logs shall

12  include a unique identification number for each document and the basis for the claim (attorney-

13  client privileged or work-product protection). For ESI, the privilege log may be generated using

14  available metadata, including author/recipient or to/from/cc/bcc names; the subject matter or title

15  and date created. Should the available metadata provide insufficient information for the purpose

16  of evaluating the privilege claim asserted, the Producing Party shall include such information as

17  required by the Federal Rules of Civil Procedure.

18  **K.      Further Conferral**

19          28.      If any Party determines that any of the requirements in this Order impose an

20  undue burden or otherwise pose an issue with respect to compliance, the Parties shall meet and

21  //

22  //

23  //

24  //

25  //

26  //

ORDER ESTABLISHING PROTOCOL FOR DOCUMENT AND ELECTRONICALLY - 9
STORED INFORMATION COLLECTION AND PRODUCTION
(2:18-cv-01464-JLR)

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone 206.624.0900

99292229.4 0068561-00001

1   confer regarding that issue, including discussing, as appropriate, an alternative process or

2   processes.

3        IT IS SO STIPULATED:

4   STOEL RIVES LLP                              DORSEY & WHITNEY LLP

5

6   /s/ Brian C. Park                            /s/ Paul Meiklejohn
    Brian C. Park, WSBA No. 25584                Paul Meiklejohn, WSBA No. 17477
7   brian.park@stoel.com                         meiklejohn.paul@dorsey.com
                                                 Erin Kolter, WSBA No. 53365
8   600 University Street, Suite 3600            kolter.erin@dorsey.com
    Seattle, WA  98101
9   Telephone:  206.624.0900                     701 Fifth Avenue, Suite 6100
    Facsimile:  206.386.7500                     Seattle, WA  98104
10                                               Telephone:  206.903.8800

    Steven T. Lovett (Admitted *Pro Hac Vice*)
11  steve.lovett@stoel.com                       Attorneys for Defendants
    Nathan C. Brunette (Admitted *Pro Hac Vice*)
12  nathan.brunette@stoel.com
    760 SW Ninth Avenue, Suite 3000
13  Portland, OR  97205
    Telephone:  503.224.3380
14  Facsimile:  503.220.2480

15  Attorneys for Plaintiffs

16

17       IT IS SO ORDERED.

18  DATED: February 22, 2019

19

20  _____
    The Honorable James L. Robart
21  United States District Court Judge

22

23

24

25

26

ORDER ESTABLISHING PROTOCOL FOR DOCUMENT AND ELECTRONICALLY - 10
STORED INFORMATION COLLECTION AND PRODUCTION
(2:18-cv-01464-JLR)                          STOEL RIVES LLP
                                                 ATTORNEYS
99292229.4 0068561-00001            600 University Street, Suite 3600, Seattle, WA  98101
                                        *Telephone 206.624.0900*

**SCHEDULE 1**

Email and E-Files shall be produced as TIFF (Tagged Image File) images, along with at least the following items of searchable metadata/information (where available), to make these documents reasonably usable:

A. **For Emails:**

    1.    From

    2.    To

    3.    Cc

    4.    Bcc

    5.    Sent Date

    6.    Sent Time

    7.    Received Date

    8.    Subject

    9.    Text (Doc-Level)

    10.    Hash Value (MD5 Hash, SHA-1 or equivalent)

    11.    Extension

    12.    Conversation Index

    13.    Redacted

    14.    Embedded

    15.    Original Filepath

B. **For Other Electronic Files:**

    1.    File Name

    2.    Extension

    3.    Author

    4.    Created Date

    5.    Created Time

SCHEDULE 1 TO ORDER ESTABLISHING PROTOCOL FOR DOCUMENT - 1
AND ESI COLLECTION AND PRODUCTION
(2:18-cv-01464-JLR)
99292229.4 0068561-00001

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone 206.624.0900

| 1 | | 6. | Modified Date |
|---|---|---|---|
| 2 | | 7. | Modified Time |
| 3 | | 8. | Text (Doc-Level) |
| 4 | | 9. | Hash Value (MD5 Hash, SHA-1 or equivalent) |
| 5 | | 10. | Native Link (where applicable) |
| 6 | | 11. | Original File Path |
| 7 | | 12. | Last Edited By |
| 8 | | 13. | Conversation Index |
| 9 | | 14. | Redacted |
| 10 | | 15. | Embedded |
| 11 | **C.** | **For All Documents (Hard Copy Documents may exclude Family Range):** | |
| 12 | | 1. | Custodian(s) |
| 13 | | 2. | Bates Number Beginning |
| 14 | | 3. | Bates Number Ending |
| 15 | | 4. | Family Range Beginning (Parent/Child Order) |
| 16 | | 5. | Family Range Ending (Parent/Child Order) |
| 17 | | | |
| 18 | | | |
| 19 | | | |
| 20 | | | |
| 21 | | | |
| 22 | | | |
| 23 | | | |
| 24 | | | |
| 25 | | | |
| 26 | | | |

SCHEDULE 1 TO ORDER ESTABLISHING PROTOCOL FOR DOCUMENT - 2
AND ESI COLLECTION AND PRODUCTION
(2:18-cv-01464-JLR)

99292229.4 0068561-00001

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone 206.624.0900*