HONORABLE JAMES L. ROBART

1

2

3

4

5

6

7

8

9

10

11

12

13

14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| 0912139 B.C. LTD., et al., | CASE NO. 2:18-cv-1464-JLR |
| Plaintiffs, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| RAMPION USA INC., et al., | |
| Defendants. | |

15  1.    PURPOSES AND LIMITATIONS

16       Discovery in this action is likely to involve production of confidential, proprietary, or

17  private information for which special protection may be warranted. Accordingly, the parties

18  hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The

19  parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket

20  protection on all disclosures or responses to discovery, the protection it affords from public

21  disclosure and use extends only to the limited information or items that are entitled to

22  confidential treatment under the applicable legal principles, and it does not presumptively entitle

23  parties to file confidential information under seal.

24  2.    "CONFIDENTIAL" MATERIAL

25       "Confidential" material shall include the following documents and tangible things

26  produced or otherwise exchanged: sales information and other financial data; private account

1  information of third parties; confidential research/development or marketing materials for future

2  products; confidential business communications and agreements with third parties; proprietary

3  communications and reference materials regarding product development and design; and

4  information or materials that identify potential or current resellers or vendors of a party.

5  3.    SCOPE

6      The protections conferred by this agreement cover not only confidential material (as

7  defined above), but also (1) any information copied or extracted from confidential material; (2)

8  all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony,

9  conversations, or presentations by parties or their counsel that might reveal confidential material.

10      However, the protections conferred by this agreement do not cover information that is in

11  the public domain or becomes part of the public domain through trial or otherwise.

12  4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

13      4.1    Basic Principles. A receiving party may use confidential material that is disclosed

14  or produced by another party or by a non-party in connection with this case only for prosecuting,

15  defending, or attempting to settle this litigation. Confidential material may be disclosed only to

16  the categories of persons and under the conditions described in this agreement. Confidential

17  material must be stored and maintained by a receiving party at a location and in a secure manner

18  that ensures that access is limited to the persons authorized under this agreement.

19      4.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

20  ordered by the court or permitted in writing by the designating party, a receiving party may

21  disclose any confidential material only to:

22          (a)    the receiving party's counsel of record in this action, as well as employees

23  of counsel to whom it is reasonably necessary to disclose the information for this litigation;

24          (b)    the officers, directors, and employees (including in-house counsel) of the

25  receiving party to whom disclosure is reasonably necessary for this litigation, and J. Rocky

26  Harris of Harris Williams Design, who was involved in the design of defendants' accused

1   products, after he has completed and executed the "Acknowledgment and Agreement to Be

2   Bound" (Exhibit A) attached hereto, unless the parties agree that a particular document or

3   material produced is for Attorney's Eyes Only and is so designated;

4       (c)   experts and consultants to whom disclosure is reasonably necessary for

5   this litigation, provided that: (1) such experts or consultants are not presently employed by or

6   serving as an independent contractor, vendor, or consultant for the parties hereto for purposes

7   other than this action; (2) before access is given, the consultant or expert has signed, completed,

8   and agreed to the "Acknowledgment and Agreement to Be Bound" (Exhibit A) attached hereto

9   and the same is served upon the producing party with a current curriculum vitae of the consultant

10  or expert.  If the producing party does not object within five business days, the party may give

11  access to the disclosed consultant or expert.  If the producing party timely objects to disclosure

12  of confidential material to the consultant or expert, the parties shall promptly confer and use

13  good faith to resolve any such objection.  If the parties are unable to resolve any objection, the

14  objecting party may file a motion with the court within ten (10) days of its objection, or within

15  such other time as the parties may agree, seeking a protective order with respect to the proposed

16  disclosure.  The objecting party shall have the burden of proving the need for a protective order.

17  No disclosure shall occur until all such objections are resolved by agreement or court order.

18  Notwithstanding the above, no discovery shall be had of any expert or consultant disclosed under

19  the provisions of this paragraph unless and until such person is designated as a testifying expert

20  witness under Fed. R. Civ. P. 26(a)(2);

21      (d)   the court, court personnel, and court reporters and their staff;

22      (e)   independent litigation support services, including persons working for or

23  as court reporters, graphics or design services, services which assist counsel in jury selection,

24  trial consulting services, and photocopy, document imaging, and database services retained by

25  counsel and reasonably necessary to assist counsel with the litigation of this action, provided that

26  counsel for the party retaining the support service instructs the service not to disclose any

1   confidential material to third parties and to immediately return all originals and copies of any

2   confidential material;

3           (f)      during their depositions, a witness in the action, if (1) the witness is a

4   current employee, officer, director, or Fed. R. Civ. P. 30(b)(6) designee of the producing party or

5   (2) the document shows on its face that the witness is the author, addressee, or copy recipient of

6   the document, or if other evidence establishes that she has previously reviewed it. Pages of

7   transcribed deposition testimony or exhibits to depositions that reveal confidential material must

8   be separately bound by the court reporter and may not be disclosed to anyone except as permitted

9   under this agreement;

10           (g)      the author or recipient of a document containing the information or a

11   custodian or other person who otherwise possessed or knew the information.

12           (h)      For confidential material designated "CONFIDENTIAL – ATTORNEYS'

13   EYES ONLY," access to, and disclosure of, such material shall be limited to individuals listed in

14   paragraphs 4.2(a) and (c-g).

15           4.3     <u>Filing Confidential Material</u>. Before filing confidential material or discussing or

16   referencing such material in court filings, the filing party shall confer with the designating party,

17   in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will

18   remove the confidential designation, whether the document can be redacted, or whether a motion

19   to seal or stipulation and proposed order is warranted. During the meet and confer process, the

20   designating party must identify the basis for sealing the specific confidential information at issue,

21   and the filing party shall include this basis in its motion to seal, along with any objection to

22   sealing the information at issue.  Local Civil Rule 5(g) sets forth the procedures that must be

23   followed and the standards that will be applied when a party seeks permission from the court to

24   file material under seal.  A party who seeks to maintain the confidentiality of its information

25   must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the

26

1  motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied,
2  in accordance with the strong presumption of public access to the Court's files.

3  5.      DESIGNATING PROTECTED MATERIAL

4          5.1     Exercise of Restraint and Care in Designating Material for Protection. Each party
5  or non-party that designates information or items for protection under this agreement must take
6  care to limit any such designation to specific material that qualifies under the appropriate
7  standards. The designating party must designate for protection only those parts of materials,
8  documents, items, or oral or written communications that qualify, so that other portions of the
9  materials, documents, items, or communications for which protection is not warranted are not
10  swept unjustifiably within the ambit of this agreement.

11          Mass, indiscriminate, or routinized designations are prohibited. Designations that are
12  shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to
13  unnecessarily encumber or delay the case development process or to impose unnecessary
14  expenses and burdens on other parties) expose the designating party to sanctions.

15          If it comes to a designating party's attention that information or items that it designated
16  for protection do not qualify for protection, the designating party must promptly notify all other
17  parties that it is withdrawing the mistaken designation.

18          5.2     Manner and Timing of Designations. Except as otherwise provided in this
19  agreement (see, *e.g.*, section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or
20  discovery material that qualifies for protection under this agreement must be clearly so
21  designated before or when the material is disclosed or produced.

22              (a)     Information in documentary form: (*e.g.*, paper or electronic documents
23  and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial
24  proceedings), the designating party must affix the word "CONFIDENTIAL" or the term
25  "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains confidential or
26  attorneys' eyes only material, respectively. If only a portion or portions of the material on a page

1  qualifies for protection, the producing party also must clearly identify the protected portion(s)

2  (*e.g.*, by making appropriate markings in the margins).

3     (b) <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties

4  and any participating non-parties must identify on the record, during the deposition or other

5  pretrial proceeding, all protected testimony, without prejudice to their right to so designate other

6  testimony after reviewing the transcript. Any party or non-party may, within fifteen days after

7  receiving the transcript of the deposition or other pretrial proceeding, designate portions of the

8  transcript, or exhibits thereto, as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS'

9  EYES ONLY."  If a party or non-party desires to protect confidential information at trial, the

10  issue should be addressed during the pre-trial conference.

11     (c) <u>Other tangible items</u>: the producing party must affix in a prominent place

12  on the exterior of the container or containers in which the information or item is stored the word

13  "CONFIDENTIAL" or the term "CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a

14  portion or portions of the information or item warrant protection, the producing party, to the

15  extent practicable, shall identify the protected portion(s).

16    5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to

17  designate qualified information or items does not, standing alone, waive the designating party's

18  right to secure protection under this agreement for such material. Upon timely correction of a

19  designation, the receiving party must make reasonable efforts to ensure that the material is

20  treated in accordance with the provisions of this agreement.

21  6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

22    6.1 <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of

23  confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality

24  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

25  burdens, or a significant disruption or delay of the litigation, a party does not waive its right to

26

1 challenge a confidentiality designation by electing not to mount a challenge promptly after the
2 original designation is disclosed.

3       6.2    <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute
4 regarding confidential designations without court involvement. Any motion regarding
5 confidential designations or for a protective order must include a certification, in the motion or in
6 a declaration or affidavit, that the movant has engaged in a good faith meet and confer
7 conference with other affected parties in an effort to resolve the dispute without court action. The
8 certification must list the date, manner, and participants to the conference. A good faith effort to
9 confer requires a face-to-face meeting or a telephone conference.

10       6.3    <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court
11 intervention, the designating party may file and serve a motion to retain confidentiality under
12 Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of
13 persuasion in any such motion shall be on the designating party. Frivolous challenges, and those
14 made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on
15 other parties) may expose the challenging party to sanctions. All parties shall continue to
16 maintain the material in question as confidential until the court rules on the challenge.

17 7.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
18 LITIGATION</u>

19       If a party is served with a subpoena or a court order issued in other litigation that compels
20 disclosure of any information or items that another party has designated in this action as
21 "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," that party must:

22           (a)    promptly notify the designating party in writing and include a copy of the
23 subpoena or court order;

24           (b)    promptly notify in writing the party who caused the subpoena or order to
25 issue in the other litigation that some or all of the material covered by the subpoena or order is
26 subject to this agreement. Such notification shall include a copy of this agreement; and

1         (c)     cooperate with respect to all reasonable procedures sought to be pursued

2 by the designating party whose confidential material may be affected.

3 8.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

4        If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential

5 material to any person or in any circumstance not authorized under this agreement, the receiving

6 party must immediately (a) notify in writing the designating party of the unauthorized

7 disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material,

8 (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

9 this agreement, and (d) request that such person or persons execute the "Acknowledgment and

10 Agreement to Be Bound" that is attached hereto as Exhibit A.

11 9.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

12       MATERIAL

13        When a producing party gives notice to receiving parties that certain inadvertently

14 produced material is subject to a claim of privilege or other protection, the obligations of the

15 receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

16 provision is not intended to modify whatever procedure may be established in an e-discovery

17 order or agreement that provides for production without prior privilege review. The parties

18 agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

19 10.    NON TERMINATION AND RETURN OF DOCUMENTS

20        Within 60 days after the termination of this action, including all appeals, each receiving

21 party must return all confidential material to the producing party, including all copies, extracts

22 and summaries thereof. Alternatively, the parties may agree upon appropriate methods of

23 destruction.

24        Notwithstanding this provision, counsel are entitled to retain one archival copy of all

25 documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

26

1  deposition and trial exhibits, expert reports, attorney work product, and consultant and expert
2  work product, even if such materials contain confidential material.

3      The confidentiality obligations imposed by this agreement shall remain in effect until a
4  designating party agrees otherwise in writing or a court orders otherwise.

5  11.   THIRD PARTIES

6      To the extent that any discovery is taken of persons who are not parties to this action
7  ("Third Parties"), and in the event that such Third Parties contend that the discovery sought
8  involves trade secrets, confidential business information, or other proprietary information, such
9  Third Parties may produce confidential materials pursuant to this Order.  The Third Parties shall
10  have ten (10) days after production of such documents, information, or other materials to make a
11  designation under this Order.  Until that time period lapses or until such a designation has been
12  made, whichever occurs sooner, all documents, information, or other material so produced or
13  given shall be treated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with
14  this Order.

15  12.   DEPOSITIONS AND SUBPOENAS

16      12.1   Location of Party Depositions.  Unless otherwise mutually agreed by counsel, the
17  depositions of plaintiffs' employees will be taken in the offices of defendants' counsel in Seattle
18  and the depositions of defendants' employees will be taken in the offices of plaintiffs' counsel in
19  Portland.

20      12.2   Subpoenas of Harris and Harris Williams Design.  Pursuant to the parties'
21  agreement, J. Rocky Harris and Harris Williams Design will accept service through defendants'
22  counsel of subpoenas issued out of this case pursuant to Fed. R. Civ. P. 45 and will produce
23  documents and submit to depositions in the United States for this case.  Defendants' counsel
24  represent Mr. Harris and Harris Williams Design for the limited purposes of the depositions and
25  subpoenas.  Mr. Harris and Harris Williams Design will be free to object to the breadth of the
26  subpoenas or on other substantive grounds, like privilege, but they waive any challenge to

1  service of the subpoenas or the jurisdiction of U.S. District Court for the Western District of

2  Washington over them with respect to the referenced subpoenas and the protection of

3  confidential, proprietary, and private information governed by this order and the

4  Acknowledgment and Agreement to Be Bound (Exhibit A).

5

6        IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

7

8  STOEL RIVES LLP                        DORSEY & WHITNEY LLP

9

10  */s/ Brian C. Park*                             */s/ Paul Meiklejohn*
    Brian C. Park, WSBA No. 25584          Paul Meiklejohn, WSBA No. 17477

11  brian.park@stoel.com                      meiklejohn.paul@dorsey.com
    600 University Street, Suite 3600       Erin Kolter, WSBA No. 53365

12  Seattle, WA  98101-4109               kolter.erin@dorsey.com
    Telephone: (206) 386-7542            701 Fifth Avenue, Suite 6100

13                                       Seattle, WA  98104
    Steven T. Lovett (Admitted *pro hac vice*)   Telephone:  (206) 903-8800

14  steve.lovett@stoel.com
    Nathan C. Brunette (Admitted *pro hac vice*)   *Attorneys for Defendants*

15  nathan.brunette@stoel.com
    760 SW Ninth Avenue, Suite 3000

16  Portland, OR  97205
    Telephone:  (503) 224-3380

17  *Attorneys for Plaintiffs*

18

19

20

21

22

23

24

25

26

1    PURSUANT TO STIPULATION, IT IS SO ORDERED

2    IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the inadvertent or

3  mistaken production of any written documents or oral communications in this proceeding shall

4  not, for the purposes of this proceeding or any other proceeding in any other court, constitute a

5  waiver by the producing party of any privilege applicable to such documents or communications,

6  including the attorney-client privilege, attorney work-product protection, or any other privilege

7  or protection recognized by law.

8

9  IT IS SO ORDERED.

10  DATED: ___28 Feb. 2019_____

11

12                            The Honorable James L. Robart
United States District Court Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Western District of Washington on [date] in the

case of *0912139 B.C. Ltd., et al., v. Rampion USA Inc., et al.*, Case No. 2:18-cv-1464-JLR. I

agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

100117317.1 0068561-00001