# EXHIBIT 1

HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| *0912139 B.C. LTD., et al.,* | CIVIL ACTION NO. 2:18-cv-1464-JLR |
| Plaintiffs, | **DEFENDANTS RAMPION USA INC. AND RAMPION ENTERPRISES LTD.'S DISCLOSURE OF PRELIMINARY INVALIDITY CONTENTIONS** |
| v. | |
| *RAMPION USA INC., et al.,* | |
| Defendants. | |

Pursuant to the Court's Minute Order Setting Trial Dates and Related Dates (Dkt. 22) and Local Patent Rule 121, Defendants Rampion USA Inc. ("Rampion USA") and Rampion Enterprises Ltd. ("Rampion Enterprises") (collectively, "Defendants") hereby submit their Disclosure of Preliminary Invalidity Contentions regarding the claims of U.S. Patent Nos. 9,687,030 (the "'030 patent") and 10,034,496 (the "'496 patent") (collectively, the "Patents-In-Suit") asserted in Plaintiffs' Disclosure of Asserted Claims and Preliminary Infringement Contentions ("Infringement Contentions"), served January 4, 2019.

## I.    Introduction

Defendants make these disclosures based on information presently and reasonably available to them, their current understanding of the Patents-In-Suit, and their current understanding of Plaintiffs' Infringement Contentions.  Defendants have not completed their investigation of the facts relating to this case, discovery in this action, including but not limited to

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

third party discovery, or preparation for trial.  Further, the Court has not construed the terms of the asserted claims of the Patents-In-Suit, and Plaintiffs have not provided their construction of terms in the asserted claims.  These disclosures represent Defendants' good-faith effort to identify information of which they are aware at this date. Defendants reserve the right to modify, supplement, or otherwise amend these Preliminary Invalidity Contentions to address any additional information uncovered or newly evaluated by Defendants and to address newly discovered art, new constructions of the terms of the Patents-In-Suit, and/or new theories of invalidity.

In their Infringement Contentions, Plaintiffs have asserted the following claims against Defendants:

- '030 patent:  claims 1, 2, 5-10, 12, 14, and 15

- '496 patent: claims 1-10, and 13-15

Defendants' Preliminary Invalidity Contentions address only those claims asserted by Plaintiffs.  To the extent that Plaintiffs are permitted to amend their Infringement Contentions to assert additional claims, Defendants will similarly seek to amend their Preliminary Invalidity Contentions to address the newly-added claims.

Defendants' Preliminary Invalidity Contentions are based, in part, on Plaintiffs' current contentions as to the conception, reduction to practice, and priority dates of the Patents-In-Suit. Defendants reserve the right to amend or supplement these Preliminary Invalidity Contentions to the extent that Plaintiffs attempt to identify dates of invention prior to the earliest currently-asserted conception, reduction to practice, and priority dates for each of the Patents-In-Suit. Moreover, the claims of the Patents-In-Suit are not entitled to the filing date of the provisional application (Provisional Application No. 61/429,065) for two independent reasons: (1) the disclosure in the provisional application does not support the claims of one or more of the Patents-

DEFENDANTS' PRELIMINARY INVALIDITY
CONTENTIONS - 2
2:18-cv-1464-JLR

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

In-Suit; and (2) there is no common inventor between the provisional application and the applications that issued as the Patents-In-Suit.

Further, the applications that issued as the Patents-In-Suit are in the name of the wrong inventive entity, and thus the Patents-In-Suit are invalid.

Defendants' Invalidity Contentions are based, in part, on Defendants' present understanding of the asserted claims and/or claim constructions that may be discerned in light of Plaintiffs' allegations of infringement and apparent construction of the asserted claims. If Plaintiffs modify any assertion or contention in their Infringement Contentions, or present any new assertion or contention relevant to these Preliminary Invalidity Contentions, Defendants reserve the right to supplement or otherwise amend these Preliminary Invalidity Contentions.

Similarly, the Court has not yet construed terms of the asserted claims. To the extent that the Court construes terms of the asserted claims in such a way as to impact these Preliminary Invalidity Contentions, Defendants reserve the right to identify other art or to supplement their Invalidity Contentions.

Defendants' contentions herein are not admissions, suggestions, or adoptions as to any particular claim scope or construction.  Defendants take no position on any matter of claim construction in these Preliminary Invalidity Contentions. Similarly, Defendants' contentions are not admissions, suggestions, or adoptions as to any invention or priority date or as to any admission that any of Defendants' products or services, including those which Plaintiffs have accused of infringement, infringe any of the asserted claims, either directly, indirectly, or under the doctrine of equivalents. Further, these Preliminary Invalidity Contentions are made under a variety of alternative theories and do not represent Defendants' agreement or view as to, for example, the definiteness of, written description support for, or enablement of, any asserted claim.

Prior art not included in these Preliminary Invalidity Contentions, whether known or unknown to Defendants, may become relevant. In particular, Defendants are currently unaware of

DEFENDANTS' PRELIMINARY INVALIDITY
CONTENTIONS - 3
2:18-cv-1464-JLR

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

the extent, if any, to which Plaintiffs will contend that limitations of the asserted claims are not disclosed in the prior art identified by Defendants. To the extent that Plaintiffs so contend, Defendants reserve the right to identify additional teachings in the references included in these Preliminary Invalidity Contentions or in other references that disclose or render obvious the allegedly missing limitations.

In addition, Defendants reserve the right to rely upon, and hereby incorporate by reference, the prior art references cited or made of record by either the patent applicant or the examiner during the respective prosecutions of the applications that issued as the Patents-In-Suit or during the prosecutions of any related applications.

## II.   Identification of Prior Art

The following prior art anticipates or renders obvious the claims asserted against Defendants under 35 U.S.C. §§102/103.  Defendants reserve the right to supplement these Preliminary Invalidity Contentions to identify additional prior art that becomes known and/or relevant in view of positions that Plaintiffs advance in this case (*e.g.*, in Plaintiffs' Infringement Contentions, arguments supporting the validity of the Patents-In-Suit, or arguments against the prior art cited herein).

Furthermore, to the extent that they are also prior art, Defendants reserve the right to rely upon foreign counterparts of U.S. patents identified in these Preliminary Invalidity Contentions and U.S. and foreign patents, patent applications, articles and publications corresponding to the patents, products, articles and publications identified in these Preliminary Invalidity Contentions.

For the product prior art references listed below, Defendants have made a good faith effort to identify and provide notice of the products or product lines Defendants believe in good faith are relevant prior art products to the asserted claims of the Patents-In-Suit.  This identification includes producing the documents of which Defendants are currently aware that describe such prior art

DEFENDANTS' PRELIMINARY INVALIDITY
CONTENTIONS - 4
2:18-cv-1464-JLR

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

products. As detailed information regarding the structure, including the internal structure[1], of these prior art products is likely in the possession of the third-parties who sold such products, Defendants are pursuing such information through third party discovery and will promptly produce such information and update these Preliminary Invalidity Contentions as such information is received and reviewed.

| Reference | Publication or Filing Date |
|---|---|
| Pub. No. US 2004/0025218 A1 (Huang) (the "'218 Publication") | Published Feb. 12, 2004 |
| WO 01/37687 Al (Carrillo, et al.) ("WO 01/37687") | Published May 31, 2001 |
| U.S. Patent No. 7,958,571 (Kitsch, et al.) (the "'571 Patent") | Filed Dec. 19, 2007<br>Published July 31, 2008<br>Issued June 14, 2011 |
| Pub. No. US 2008/0178369 A1 (Kitsch, et al.) | Published July 31, 2008 |
| Pub. No. US 2007/0277285 A1 (Gravette, et al.) (the "'285 Publication") | Published Dec. 6, 2007 |
| Pub. No. US 2009/0106874 A1 (Shlush) (the "'874 Publication") | Published April 30, 2009 |
| WO 98/39981 (Hartley) (the "'981 Publication") | Published Sept. 17, 1998 |
| European Patent Application No. EP 0 476 | Published March 25, 1992 |

[1] In Plaintiffs' Infringement Contentions, Plaintiffs use pictures of "the interior" of Defendants' accused products to demonstrate alleged infringement for almost every asserted claim.

DEFENDANTS' PRELIMINARY INVALIDITY
CONTENTIONS - 5
2:18-cv-1464-JLR

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

| 818 A1 (Dagg, et al.)<br><br>("EP 0 476 818") | |
|---|---|
| Canadian Industrial Design Registration No. 133058 (KE Imports)<br><br>(the "'058 Design") | Registered and Published June 17, 2010 |
| U.S. Patent No. 7,631,369 (Geiwald, et al.)<br><br>(the "'369 Patent") | Issued Dec. 15, 2009<br>Published Sept. 27, 2007 (Pub. No. US 2007/0220660 A1) |
| Pub. No. US 2007/O220660 A1 (Geiwald, et al.) | Published Sep. 27, 2007 |
| **Product** | **On-Sale Date** |
| Andrew Christian products with "Show-It" technology (also referred to as Show-It Technology 2.0)<br><br>("Andrew Christian Show-It Underwear") | At least as early as March 6, 2009<br><br>(see documents produced) |
| Saxx underwear products | At least as early as March 2009<br><br>*See* https://www.youtube.com/watch?v=mfk3tJzZKPs ("The Evolution of Saxx")<br><br>(see documents produced) |
| Body Tech line from UnderGear featuring an "enhancement pouch" | At least as early as May 1, 2009<br><br>(see documents produced) |
| 2(x)ist products with "dual lifting technology" (Lift Collection) | Currently unknown<br><br>(see documents produced) |

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

### III.    Invalidity Claim Charts

The claim charts attached hereto are examples specifically identifying where in the cited prior art patents, publications, and products ("references") each element of each asserted claim is found.  Defendants have endeavored to identify exemplary disclosures in the prior art references that satisfy the associated claim elements.  The references, however, may contain additional supporting disclosure.  Defendants reserve the right to rely on any and all portions of the references, other documents, and expert testimony to provide context, or to aid in understanding, the references' relevant disclosures.  The citations and quotations in the charts are representative and should not be construed as limiting.  For each reference, Defendants intend to rely on the reference in its entirety, rather than only on the identified excerpts thereof.  Each reference must be read in light of the knowledge of a person of ordinary skill in the art.  Defendants will therefore rely on the knowledge of a person of ordinary skill in the art in addition to the disclosures of each of the references.  In addition, to the extent that a reference does not expressly disclose a particular claim limitation, that limitation may be inherently or implicitly disclosed or otherwise suggested by one or more of the references listed herein.

Where Defendants cite to a particular figure in a reference, the citation should be understood to encompass the caption and description of the figure and any text relating to the figure, including in the specification (for prior art patents) or in the body of the reference (for other printed publications).  Conversely, where Defendants cite to particular text referring to a figure, the citation should be understood to include the figure as well.

Defendants identify the prior art now known to Defendants to anticipate the asserted claims under 35 U.S.C. § 102, as understood by a person having ordinary skill in the art.  For any prior art that Defendants contend is anticipatory, Defendants also contend that to the extent that any claim limitation is found missing from the prior art (*i.e.*, found not to be expressly, implicitly, or inherently disclosed), that limitation would have been obvious in view of the knowledge possessed

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

by a person of ordinary skill at the time of the alleged invention.  Any alleged or actual difference between the prior art and the asserted claims would have been obvious to a person of ordinary skill in the art as:  (a) the simple substitution of one known element for another and such substitution would have resulted in predictable results; (b) the use of a known technique to improve similar products or processes in the same way; (c) the application of a known technique to the products or processes ready for improvement to yield predictable results; or (d) the selection from a finite number of identified, predictable solutions, with a reasonable expectation of success (*i.e.*, "obvious to try").  *See, e.g., KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398 (2007).

Defendants also identify the prior art now known to Defendants that either alone or in combination with other prior art render the asserted claims of the asserted patents invalid as obvious under 35 U.S.C. § 103.  The combinations of prior art disclosed in the claim charts are appropriate at least because each reference in a combination discloses purported improvements in the same area of technology and a person of ordinary skill in the art would have been motivated to combine the purported improvements to produce an improved product.  In certain instances, the suggested obviousness combinations are provided in the alternative to Defendants' anticipation contentions and are not to be construed to suggest that any reference included in the combinations is not by itself anticipatory.

Defendants' invalidity claim charts are exemplary and do not represent the entirety of the prior art or prior art combinations identified, or relied upon, by Defendants, as outlined above.  Defendants reserve the right to supplement their claim charts for the prior art products based on their continued analysis and investigation of the prior art products, and as they are able to obtain discovery on the prior art products, including through third party discovery.  Defendants reserve the right to offer expert, and other, testimony regarding the propriety of the prior art combinations upon which they rely.

DEFENDANTS' PRELIMINARY INVALIDITY
CONTENTIONS - 8
2:18-cv-1464-JLR

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

| Chart(s) | Prior Art Reference(s) | Asserted Claims | Basis (Bases) |
|---|---|---|---|
| A-1 | Andrew Christian products featuring "Show-It" Technology (on sale in the United States at least as early as March 6, 2009) ("Andrew Christian Show-It Underwear") either expressly, implicitly, or inherently anticipate the asserted claims of U.S. Patent No. 10,034,496 under 35 U.S.C. § 102 and/or render those claims obvious under 35 U.S.C. § 103 alternatively in view of U.S. Patent 7,631,369 (issued Dec. 15, 2009; published as US 2007/0220660 on Sept. 27, 2007) (the "'369 Patent"), International Publication No. WO 98/39981 (published Sept. 17, 1998) ("WO 98/39981"), U.S. Publication No. 2007/0277285 (published Dec. 6, 2007) (the "'285 Publication"), European Patent Application No. EP 0 476 818 (published March 25, 1992) ("EP 0 476 818"), and/or U.S. Patent No. 7,958,571 (issued June 14, 2011; published as 2008/0178369 on July 31, 2008) and/or the Saxx underwear products ("'571 Patent"). | All asserted claims of the '496 patent | 35 U.S.C. §§102, 103 |
| B-1 | The disclosure of U.S. Patent Publication No. 2004/0025218 (published Feb. 12, 2004) ("'218 Publication") either expressly, implicitly, or inherently anticipates the asserted claims of U.S. Patent No. 10,034,496 under 35 U.S.C. § 102 and/or renders those claims obvious under 35 U.S.C. § 103 in view of U.S. Patent No. 7,958,571 (issued June 14, 2011; published as 2008/0178369 on July 31, 2008) and/or the Saxx underwear products ("'571 Patent"), and alternatively in further view of U.S. Patent Publication 2009/0106874 (published April 30, 2009) ("'874 Publication"), U.S. Patent 7,631,369 (issued Dec. 15, 2009; published as US 2007/0220660 on Sept. 27, 2007) (the "'369 Patent"), International Publication No. WO 98/39981 (published Sept. 17, 1998) ("WO 98/39981"), U.S. Publication No. 2007/0277285 (published Dec. 6, 2007) (the "'285 Publication"), European Patent Application No. EP 0 476 818 (published March 25, 1992) ("EP 0 476 818"), Canadian Industrial Design Registration No. 133058 (registered and published June 17, 2010) (the "'058 | All asserted claims of the '496 patent | 35 U.S.C. §§ 102, 103 |

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820□

| | | | |
|---|---|---|---|
| | Design"), and/or WO 01/37687 A1 (published May 31, 2001) ("WO 01/37687"). | | |
| C-1 | The disclosure of U.S. Patent Publication No. 2004/0025218 (published Feb. 12, 2004) ("'218 Publication") either expressly, implicitly, or inherently anticipates the asserted claims of U.S. Patent No. 10,034,496 under 35 U.S.C. § 102 and/or renders those claims obvious under 35 U.S.C. § 103 in view of the Andrew Christian Show-It Underwear and/or European Patent Application No. EP 0 476 818 A1 (Published March 25, 1992) ("EP O 476 818"), U.S. Patent No. 7,958,571 (issued June 14, 2011; published as 2008/0178369 on July 31, 2008) and/or the Saxx underwear products ("'571 Patent"), and/or U.S. Patent No 7,631,369 (issued Dec. 15, 2009) (the "'369 Patent"). | All asserted claims of the '496 patent | 35 U.S.C. §§ 102, 103 |
| D-1 | The disclosure of U.S. Patent Publication No. 2004/0025218 (published Feb. 12, 2004) ("'218 Publication") either expressly, implicitly, or inherently anticipates the asserted claims of U.S. Patent No. 10,034,496 under 35 U.S.C. § 102 and/or renders those claims obvious under 35 U.S.C. § 103 in view of Canadian Industrial Design Registration No. 133058 (registered and published June 17, 2010) (the "'058 Design"), and alternatively in further view of U.S. Patent Publication 2009/0106874 (published April 30, 2009) ("'874 Publication"), U.S. Patent 7,631,369 (issued Dec. 15, 2009; published as US 2007/0220660 on Sept. 27, 2007) (the "'369 Patent"), International Publication No. WO 98/39981 (published Sept. 17, 1998) ("WO 98/39981"), U.S. Publication No. 2007/0277285 (published Dec. 6, 2007) (the "'285 Publication"), European Patent Application No. EP 0 476 818 (published March 25, 1992) ("EP 0 476 818"), U.S. Patent No. 7,958,571 (issued June 14, 2011; published as 2008/0178369 on July 31, 2008) and/or the Saxx underwear products ("'571 Patent"), and/or WO 01/37687 A1 (published May 31, 2001) ("WO 01/37687"). | All asserted claims of the '496 patent | 35 U.S.C. §§ 102, 103 |

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

| E-1 | The disclosure of WO 01/37687 A1 (Published May 31, 2001) renders the asserted claims of U.S. Patent No. 10,034,496 under 35 U.S.C. § 102 obvious under 35 U.S.C. § 103 in view of U.S. Patent No. 7,958,571 (issued June 14, 2011; published as 2008/0178369 on July 31, 2008) and/or the Saxx underwear products ("'571 Patent"), and alternatively in further view of U.S. Patent Publication 2009/0106874 (published April 30, 2009) ("'874 Publication"), U.S. Patent 7,631,369 (issued Dec. 15, 2009; published as US 2007/0220660 on Sept. 27, 2007) (the "'369 Patent"), International Publication No. WO 98/39981 (published Sept. 17, 1998) ("WO 98/39981"), U.S. Publication No. 2007/0277285 (published Dec. 6, 2007) (the "'285 Publication"), European Patent Application No. EP 0 476 818 (published March 25, 1992) ("EP 0 476 818"), Canadian Industrial Design Registration No. 133058 (registered and published June 17, 2010) (the "'058 Design"), and/or U.S. Patent Publication No. 2004/0025218 (published Feb. 12, 2004) ("'218 Publication"). | All asserted claims of the '496 patent | 35 U.S.C. §103 |
| F-1 | The disclosure of WO 01/37687 A1 (published May 31, 2001) ("WO 01/37687") renders the asserted claims of U.S. Patent No. 10,034,496 obvious under 35 U.S.C. § 103 in view of Canadian Industrial Design Registration No. 133058 (registered and published June 17, 2010) (the "'058 Design"), and alternatively in further view of U.S. Patent Publication 2009/0106874 (published April 30, 2009) ("'874 Publication"), U.S. Patent 7,631,369 (issued Dec. 15, 2009; published as US 2007/0220660 on Sept. 27, 2007) (the "'369 Patent"), International Publication No. WO 98/39981 (published Sept. 17, 1998) ("WO 98/39981"), U.S. Publication No. 2007/0277285 (published Dec. 6, 2007) (the "'285 Publication"), European Patent Application No. EP 0 476 818 (published March 25, 1992) ("EP 0 476 818"), U.S. Patent No. 7,958,571 (issued June 14, 2011; published as 2008/0178369 on July 31, 2008) and/or the Saxx underwear products ("'571 Patent"), and/or U.S. Patent Publication No. 2004/0025218 (published | All asserted claims of the '496 patent | 35 U.S.C. §103 |

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820□

|  | | | |
|---|---|---|---|
|  | Feb. 12, 2004) ("'218 Publication"). | | |
| G-1 | The disclosure of Canadian Industrial Design Registration No. 133058 (registered and published June 17, 2010) (the "'058 Design") either expressly, implicitly, or inherently anticipates the asserted claims of U.S. Patent No. 10,034,496 under 35 U.S.C. § 102, and renders those claims obvious under 35 U.S.C. § 102 in view of U.S. Patent Publication 2009/0106874 (published April 30, 2009) ("'874 Publication"), International Publication No. WO 98/39981 (published Sept. 17, 1998) ("WO 98/39981"), the Andrew Christian Show-It Underwear, European Patent Application No. EP 0 476 818 (published March 25, 1992) ("EP 0 476 818"), U.S. Patent No. 7,958,571 (issued June 14, 2011; published as 2008/0178369 on July 31, 2008) and/or the Saxx underwear products ("'571 Patent"), and/or U.S. Patent Publication No. 2004/0025218 (published Feb. 12, 2004) ("'218 Publication") | All asserted claims of the '496 patent | 35 U.S.C. §§ 102, 103 |
| A-2 | Andrew Christian products featuring "Show-It" Technology (on sale in the United States at least as early as March 6, 2009) ("Andrew Christian Show-It Underwear") either expressly, implicitly, or inherently anticipate the asserted claims of U.S. Patent No. 9,687,030 under 35 U.S.C. § 102 and/or render those claims obvious under 35 U.S.C. § 103 alternatively in view of U.S. Patent 7,631,369 (issued Dec. 15, 2009; published as US 2007/0220660 on Sept. 27, 2007) (the "'369 Patent"), U.S. Publication No. 2007/0277285 (published Dec. 6, 2007) (the "'285 Publication"), European Patent Application No. EP 0 476 818 (published March 25, 1992) ("EP 0 476 818"), and/or U.S. Patent No. 7,958,571 (issued June 14, 2011; published as 2008/0178369 on July 31, 2008) and/or the Saxx underwear products ("'571 Patent"). | All asserted claims of the '030 patent | 35 U.S.C. §§102, 103 |
| B-2 | The disclosure of U.S. Patent Publication No. 2004/0025218 (published Feb. 12, 2004) ("'218 Publication") either expressly, implicitly, or inherently | All asserted claims of the | 35 U.S.C. §§102, 103 |

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

| | | | |
|---|---|---|---|
| | anticipates the asserted claims of U.S. Patent No. 9,687,030 under 35 U.S.C. § 102 and/or renders those claims obvious under 35 U.S.C. § 103 in view of U.S. Patent No. 7,958,571 (issued June 14, 2011; published as 2008/0178369 on July 31, 2008) and/or the Saxx underwear products ("'571 Patent"), and alternatively in further view of U.S. Patent Publication 2009/0106874 (published April 30, 2009) ("'874 Publication"), U.S. Patent 7,631,369 (issued Dec. 15, 2009; published as US 2007/0220660 on Sept. 27, 2007) (the "'369 Patent"), International Publication No. WO 98/39981 (published Sept. 17, 1998) ("WO 98/39981"), U.S. Publication No. 2007/0277285 (published Dec. 6, 2007) (the "'285 Publication"), European Patent Application No. EP 0 476 818 (published March 25, 1992) ("EP 0 476 818"), Canadian Industrial Design Registration No. 133058 (registered and published June 17, 2010) (the "'058 Design"), and/or WO 01/37687 A1 (published May 31, 2001) ("WO 01/37687"). | '030 patent | |
| C-2 | The disclosure of U.S. Patent Publication No. 2004/0025218 (published Feb. 12, 2004) ("'218 Publication") either expressly, implicitly, or inherently anticipates the asserted claims of U.S. Patent No. 9,687,030 under 35 U.S.C. § 102 and/or renders those claims obvious under 35 U.S.C. § 103 in view of the Andrew Christian Show-It Underwear and/or European Patent Application No. EP 0 476 818 A1 (Published March 25, 1992) ("EP O 476 818") and/or U.S. Patent No. 7,631,369 (issued Dec. 15, 2009) (the "'369 Patent"). | All asserted claims of the '030 patent | 35 U.S.C. §§102, 103 |
| D-2 | The disclosure of U.S. Patent Publication No. 2004/0025218 (published Feb. 12, 2004) ("'218 Publication") either expressly, implicitly, or inherently anticipates the asserted claims of U.S. Patent No. 9,687,030 under 35 U.S.C. § 102 and/or renders those claims obvious under 35 U.S.C. § 103 in view of Canadian Industrial Design Registration No. 133058 (registered and published June 17, 2010) (the "'058 Design"), and alternatively in further view of U.S. | All asserted claims of the '030 patent | 35 U.S.C. §§ 102, 103 |

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

| | | | |
|---|---|---|---|
| | Patent Publication 2009/0106874 (published April 30, 2009) ("'874 Publication"), U.S. Patent 7,631,369 (issued Dec. 15, 2009; published as US 2007/0220660 on Sept. 27, 2007) (the "'369 Patent"), International Publication No. WO 98/39981 (published Sept. 17, 1998) ("WO 98/39981"), U.S. Publication No. 2007/0277285 (published Dec. 6, 2007) (the "'285 Publication"), European Patent Application No. EP 0 476 818 (published March 25, 1992) ("EP 0 476 818"), U.S. Patent No. 7,958,571 (issued June 14, 2011; published as 2008/0178369 on July 31, 2008) and/or the Saxx underwear products ("'571 Patent"), and/or WO 01/37687 A1 (published May 31, 2001) ("WO 01/37687"). | | |
| E-2 | The disclosure of WO 01/37687 A1 (Published May 31, 2001) renders the asserted claims of U.S. Patent No. 9,687,030 obvious under 35 U.S.C. § 103 in view of U.S. Patent No. 7,958,571 (issued June 14, 2011; published as 2008/0178369 on July 31, 2008) and/or the Saxx underwear products ("'571 Patent"), and alternatively in further view of U.S. Patent Publication 2009/0106874 (published April 30, 2009) ("'874 Publication"), U.S. Patent 7,631,369 (issued Dec. 15, 2009; published as US 2007/0220660 on Sept. 27, 2007) (the "'369 Patent"), International Publication No. WO 98/39981 (published Sept. 17, 1998) ("WO 98/39981"), U.S. Publication No. 2007/0277285 (published Dec. 6, 2007) (the "'285 Publication"), European Patent Application No. EP 0 476 818 (published March 25, 1992) ("EP 0 476 818"), Canadian Industrial Design Registration No. 133058 (registered and published June 17, 2010) (the "'058 Design"), and/or U.S. Patent Publication No. 2004/0025218 (published Feb. 12, 2004) ("'218 Publication"). | All asserted claims of the '030 patent | 35 U.S.C. §103 |
| F-2 | The disclosure of WO 01/37687 A1 (published May 31, 2001) ("WO 01/37687") renders the asserted claims of U.S. Patent No. 9,687,030 obvious under 35 U.S.C. § 103 in view of Canadian Industrial Design Registration No. 133058 (registered and published June 17, 2010) | All asserted claims of the '030 patent | 35 U.S.C. §103 |

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

| | | | | |
|---|---|---|---|---|
| | (the "'058 Design"), and alternatively in further view of U.S. Patent Publication 2009/0106874 (published April 30, 2009) ("'874 Publication"), U.S. Patent 7,631,369 (issued Dec. 15, 2009; published as US 2007/0220660 on Sept. 27, 2007) (the "'369 Patent"), International Publication No. WO 98/39981 (published Sept. 17, 1998) ("WO 98/39981"), U.S. Publication No. 2007/0277285 (published Dec. 6, 2007) (the "'285 Publication"), European Patent Application No. EP 0 476 818 (published March 25, 1992) ("EP 0 476 818"), U.S. Patent No. 7,958,571 (issued June 14, 2011; published as 2008/0178369 on July 31, 2008) and/or the Saxx underwear products ("'571 Patent"), and/or U.S. Patent Publication No. 2004/0025218 (published Feb. 12, 2004) ("'218 Publication"). | | |
| G-2 | The disclosure of Canadian Industrial Design Registration No. 133058 (registered and published June 17, 2010) (the "'058 Design") either expressly, implicitly, or inherently anticipates the asserted claims of U.S. Patent No. 9,687,030 under 35 U.S.C. § 102, and/or renders those claims obvious under 35 U.S.C. § 102 in view of U.S. Patent Publication 2009/0106874 (published April 30, 2009) ("'874 Publication"), International Publication No. WO 98/39981 (published Sept. 17, 1998) ("WO 98/39981"), the Andrew Christian Show-It Underwear, U.S. Patent Publication No. 2004/0025218 (published Feb. 12, 2004) ("'218 Publication"), and/or U.S. Patent No. 7,958,571 (issued June 14, 2011; published as 2008/0178369 on July 31, 2008) and/or the Saxx underwear products ("'571 Patent"). | All asserted claims of the '030 patent | 35 U.S.C. §§ 102, 103 |

All of the cited references are analogous art.  All disclose (or are) male undergarments with a particular focus on the wearer's genitalia for reasons such as comfort, support, and health. *See*, *e.g.*, '218 Publication at [0002] ("The present invention provides an undergarment for men and, more particularly, to such a men's undergarment that is good for the health of the user's genitals."), Andrew Christian Show-It Underwear, Stroking the Male Ego: Men's Enhancement Underwear,

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

June 17, 2009 ("Your package fits into the pouch and the elastic panel provides lift, bringing your package up and out."); WO 01/37687 A1 at Abstract ("The invention relates to a hygienic elastic garment for men's underwear…The testicles tend to be separated towards the front due to the fact that the garment is sewn to the inner front part of the underpants, thereby reducing contact and direct friction between the testicles and the groin. Said garment can provide relief for many individuals who suffer itching, eczema, rash. etc. caused by perspiration and friction.").

To the extent that Plaintiffs contend that any of the above-identified prior art fails to disclose one or more limitations of the asserted claims of the asserted patents, Defendants reserve the right to identify other references that would render the claims obvious despite the allegedly missing limitation.

In addition, Defendants incorporate by reference each and every prior art reference of record in the prosecution of the asserted patents including all patents related to the asserted patents, as well as the prior art discussed in the specifications of the asserted patents. In addition, each anticipatory prior art reference and/or each additional prior art reference may be combined with (1) information known to persons skilled in the art at the time of the alleged invention, (2) any of the anticipatory prior art references, and/or (3) any of the additional prior art references identified above in this section to render these claims invalid as obvious.

### IV.   Invalidity Under 35 U.S.C. § 112

Defendants list below the grounds upon which certain asserted claims of the asserted patents are invalid under 35 U.S.C. § 112.  Defendants reserve the right to revise these § 112 contentions depending upon Plaintiffs providing further information or amending their disclosures or contentions in any way, and/or positions that Plaintiffs or expert witnesses may take concerning infringement, invalidity, and/or other issues.

**Claim 2 of the '030 and '496 patents**

When read in light of the specification and the respective prosecution histories, the claim

DEFENDANTS' PRELIMINARY INVALIDITY
CONTENTIONS - 16
2:18-cv-1464-JLR

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

limitation "[a] garment according to claim 1 wherein the stretch panel has asymmetrical stretch characteristics such that the stretch panel stretches more easily in a direction parallel to the waistband and less easily in a direction at right angles to the waistband" in claim 2 of both Patents-In-Suit would not have informed those skilled in the art as of the effective filing date of the scope of the invention with reasonable certainty.  Moreover, the specification, at the time the application was filed, would not have taught one skilled in the art how to make and/or use the full scope of the claimed invention without undue experimentation and / or the specification does not describe the alleged invention in sufficient detail so that one skilled in the art could reasonably conclude that the alleged inventors had possession of the alleged invention.

Claim 1 of both Patents-In-Suit requires that the claimed "stretch panel" be "attached to the body inside the front portion."  Specifically, claim 1 of the '030 patent requires that the "stretch panel" have "a top edge attached to the body at the waistband seam, a bottom edge attached at the first seam, [and] side edges attached to the body at side seams extending substantially continuously along either side of the front portion from the first seam to the waistband seam…"  Similarly, claim 1 of the '496 patent requires that the "stretch panel" have "a top edge attached to the body at a top location, a bottom edge attached to the body at a bottom location, [and] side edges attached to the body at side seams extending substantially continuously along either side of the front portion…"

Claim 2 of both Patents-In-Suit require that the "stretch panel" has "asymmetrical stretch characteristics."  According to the specification, asymmetrical stretch means that "the coefficient of elasticity of the material has a first value in a first direction in the plane of the material and a second value different from the first value in a second direction at right angles to the first direction in the plane of the material."  '030 patent at Col. 5 Lns. 8-13.  At the same time, claim 2 requires that the "asymmetrical stretch characteristics" provide for the "stretch panel" to stretch "more easily in a direction parallel to the waistband and less easily in a direction at right angles to the waistband."  But the "stretch panel" of claim 2 is the stretch panel that is "attached" to the "body"

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

of the garment at the top, bottom, and sides of the "stretch panel." Thus, the attachment, or lack thereof, of the "stretch panel" to the "body" controls how easily the "stretch panel" is able to stretch in directions relative to the "waistband," and therefore if there is the required "asymmetrical stretch." It is not clear how one of ordinary skill could determine whether the "stretch panel" has "asymmetrical stretch characteristics" such that it meets the claim limitation. It may be, for example, that one of ordinary skill would have to test the type of fabric used to make the stretch panel, or, alternatively, test the stretch panel sewn into the garment, *i.e.*, the stretch panel according to claim 1. In claim 4, the alleged inventors were clear regarding what is to be measured – the fabric: "the stretch panel comprises a fabric having a stretch of at least 30%." Claim 2, in contrast, provides no such clarity, and the specification only furthers the uncertainty.

Moreover, it is not clear to one of ordinary skill how one would measure whether the "stretch panel has asymmetrical stretch characteristics" "such that" "the stretch panel stretches more easily in a direction parallel to the waistband and less easily in a direction at right angles to the waistband." The specification discloses measuring the amount of stretch of a fabric using only a "strip of material that is 30-40 cm long and 20 cm wide when taught [sic] but un-stretched and anchoring one end of the strip." Col. 5 Lns. 26-38. The specification does not disclose how to measure the stretch of fabric sewn into, and constrained by, a garment, nor does it disclose how one would determine whether the "stretch panel has asymmetrical stretch characteristics" "such that" "the stretch panel stretches more easily in a direction parallel to the waistband and less easily in a direction at right angles to the waistband." Thus, claim 2 of each of the Patents-in-Suit is indefinite under 35 U.S.C. § 112, ¶ 2 and/or is invalid under 35 U.S.C. § 112.

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

DATED this 28th day of January, 2019

DORSEY & WHITNEY LLP

_s/ Paul Meiklejohn_

PAUL MEIKLEJOHN WSBA # 17477
MEIKLEJOHN.PAUL@DORSEY.COM
ERIN KOLTER WSBA #53365
KOLTER.ERIN@DORSEY.COM
**Dorsey & Whitney LLP**
Columbia Center
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
(206) 903-8800

_Attorneys for Defendants Rampion USA Inc. and Rampion Enterprises Ltd._

DEFENDANTS' PRELIMINARY INVALIDITY
CONTENTIONS - 19
2:18-cv-1464-JLR

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

1

## CERTIFICATE OF SERVICE

2          I hereby certify that on this date I caused to be served the foregoing on the following

3     counsel of record by the method indicated:

4     BRIAN C. PARK, WSBA NO. 25584          ☐ Via Messenger
      600 UNIVERSITY STREET, SUITE 3600       ☐ Via Facsimile
5     SEATTLE, WA 98101-4109                   ☐ Via U.S. Mail
6     TELEPHONE: (206) 386-7542                ☒ Via Electronic Mail
      FACSIMILE: (206) 386-7500                ☐ Via ECF Notification
7     EMAIL: BRIAN.PARK@STOEL.COM

8     STEVEN T. LOVETT
      STEVE.LOVETT@STOEL.COM
9     NATHAN C. BRUNETTE
      NATHAN.BRUNETTE@STOEL.COM
10    760 S.W. NINTH AVE., SUITE 3000
11    PORTLAND, OR 97205
      TELEPHONE: (503) 224-3380
12    FACSIMILE: (503) 220-2480

13          Dated this 28th day of January, 2019.

14

15                                            *s/ Erin Kolter*
                                              Erin Kolter
16

17

18

19

20

21

22

23

24

25

DEFENDANTS' PRELIMINARY INVALIDITY
CONTENTIONS - 20
2:18-cv-1464-JLR

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820