1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| 0912139 B.C. LTD, et al., | CASE NO. C18-1464JLR |
|---|---|
| Plaintiffs, | ORDER ON PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' INVALIDITY CONTENTIONS |
| v. | |
| RAMPION USA INC., et al., | |
| Defendants. | |

## I. INTRODUCTION

Before the court is Plaintiffs 0912139 B.C. Ltd. ("B.C. Ltd.") and Pakage Apparel, Inc.'s ("Pakage") (collectively, "Plaintiffs") motion to strike portions of Rampion USA Inc. and Rampion Enterprises Ltd.'s (collectively, "Defendants") invalidity contentions. (Mot. (Dkt. # 33).)  Defendants oppose the motion.  (Resp. (Dkt. # 40).)  Plaintiffs filed a reply.[1]  (Reply (Dkt. # 43).)  The court has reviewed the motion, the parties' submissions

---

[1] Additionally, Defendants filed a surreply in which they move to strike portions of Plaintiffs' reply, portions of the declaration of Nathan Brunette, and Exhibit 1 to Mr. Brunette's

concerning the motion, the relevant portions of the record, and the applicable law. Being

fully advised,[2] the court GRANTS in part and DENIES in part Plaintiffs' motion to strike

Defendants' invalidity contentions.

## II. BACKGROUND

This is a patent infringement dispute. (*See generally* Compl. (Dkt. # 1).) B.C.

Ltd. owns, and Pakage is licensed to practice, U.S. Patent No. 9,687,030 ("the '030

Patent") and U.S. Patent No. 10,034,496 ("the '496 Patent") (collectively, "the Patents"),

which are directed to an undergarment for men. (*See id.* ¶¶ 19-24; *see also id.* ¶ 19, Ex.

3; *id.* ¶ 20, Ex. 4.) Plaintiffs allege that Defendants make and sell men's underwear that

infringes the Patents. (*See id.* ¶¶ 31-64.) Defendants deny infringement and contend that

all the asserted claims of both Patents are invalid. (*See* Rampion USA Answer (Dkt.

# 18) ¶¶ 32-61; Rampion Enterprises Answer (Dkt. # 23) ¶¶ 32-61.)

On January 28, 2019, Defendants served their preliminary invalidity contentions.[3]

(Meiklejohn Decl. (Dkt. # 27) ¶ 2; *see also* Park Decl. (Dkt. # 34) ¶ 2, Ex. 1 ("Invalidity

Contentions").) Several weeks later, on March 21, 2019, Plaintiffs filed the present

---

declaration. (Surreply (Dkt. # 46); *see also* Brunette Decl. (Dkt. # 44) ¶ 9, Ex. 1.) The court
addresses Defendants' surreply below. *See infra* § III.B.3 at n.5.

[2] Defendants request oral argument on the motion (Resp. at title page), but the court finds
that oral argument would not be helpful to its disposition of the motion, *see* Local Rules W.D.
Wash. LCR 7(b)(4).

[3] Shortly thereafter, the parties filed, and the court granted, a stipulated motion to allow
Defendants to amend their preliminary invalidity contentions to assert an additional invalidity
contention under 35 U.S.C. § 112. (*See* Stip. Mot. to Am. (Dkt. # 26); 2/6/19 Order (Dkt. # 28);
*see also* Park Decl. (Dkt. # 34), ¶ 3, Ex. 2.) That amendment has no bearing on the present
motion. (*See* Mot. at 1 n.1.)

ORDER - 2

motion to strike portions of Defendants' invalidity contentions for failure to comply with

Local Patent Rule 121.  (*See generally* Mot.); Local Rules W.D. Wash. LPR 121.

### III.    ANALYSIS

**A.    Legal Standard**

The Western District of Washington has adopted local patent rules that "require

parties to state early in the litigation and with specificity their contentions with respect to

infringement and invalidity."  *02 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d

1355, 1359 (Fed. Cir. 2006).  These rules are "designed to require parties to crystallize

their theories of the case early in the litigation and to adhere to those theories once they

have been disclosed."  *REC Software USA, Inc. v. Bamboo Sols. Corp.*, No.

C11-0554JLR, 2012 WL 3527891, at *2 (W.D. Wash. Aug. 15, 2012) (quoting *O2*

*Micro*, 467 F.3d at 1366 n.12).  District courts have broad discretion to enforce local

patent rules.  *See, e.g.*, *Howmedica Osteonics Corp. v. Zimmer, Inc.*, 822 F.3d 1312, 1320

(Fed. Cir. 2016).

Under Local Patent Rule 121, a party's invalidity contentions must comply with

specific requirements.  Local Rules W.D. Wash. LPR 121.  Three of those requirements

are relevant to Plaintiffs' motion.  First, the invalidity contentions must identify "[e]ach

item of prior art that allegedly anticipates each Asserted Claim or renders it obvious."  *Id.*

LPR 121(b).  To that end, "[p]ublic uses or sales shall be identified by specifying the item

offered for sale or publicly used or known, the date the offer or use took place or the

information became known, and the identity of the person or entity which made the use

or which made and received the offer, or the person or entity which made the information

known or to whom it was made known." *Id.* Second, the invalidity contentions must state "[w]hether each item of prior art anticipates each Asserted Claim or renders it obvious." *Id.* LPR 121(c). "If a combination of items of prior art makes a claim obvious, each such combination must be identified." *Id.* Finally, the invalidity contentions must include "[a] chart identifying where specifically in each alleged item of prior art each element of each Asserted Claim is found . . . ." *Id.* LPR 121(d). Similarly, this court's Standing Patent Order requires a party's invalidity contentions to include "a chart that identifies where in each piece of prior art each element of each asserted claim is found." SPO, https://www.wawd.uscourts.gov/sites/wawd/files/RobartStandingPatentOrder.pdf, at 2.

As this court has recognized, Local Patent Rule 121 closely tracks the language of a similar local patent rule in the Northern District of California. *REC Software*, 2012 WL 3527891, at *5 n.4 (citing N.D. Cal. Local Patent Rule 3-3). Accordingly, the court finds persuasive authority from the Northern District of California involving motions to strike invalidity contentions for failure to comply with the local patent rules. *See id.* at *2 ("[B]ecause of the strong similarity between the local patent rules of the Northern District of California and the Local Patent Rules of this District, the court views the Northern District of California cases interpreting their own local patent rules to be of assistance in this court's effort to fashion its own standard.").

**B.      Plaintiffs' Motion**

Plaintiffs move to strike Defendants' invalidity contentions on four grounds:  (1) Defendants "purport to preserve a right to rely on unidentified references, unidentified

portions of references, and unidentified combinations of references"; (2) Defendants identify "four different categories of products" that allegedly constitute prior art but fail to identify the "who, what, and when of the alleged use or sale" of those products, as required under Local Patent Rule 121(b); (3) Defendants' lists of references and claim charts do not identify obviousness combinations with the level of specificity mandated by Local Patent Rule 121(c); and (4) Defendants' claim charts do not identify where each claim element may be found in each alleged item of prior art, in violation of Local Patent Rule 121(d). (Mot. at 1, 4.)

Defendants insist that the invalidity contentions served on January 28, 2019, satisfy the Local Patent Rules. (Resp. at 1.) Additionally, alongside their response to Plaintiffs' motion, Defendants submitted proposed amended invalidity contentions that purport to address Plaintiffs' complaints and "clarify [Defendants'] already-disclosed positions." (*Id.* at 1-2; *see also* Kolter Decl. (Dkt. # 41) ¶ 14, Ex. 1 ("Prop. Am. Invalidity Contentions").) Defendants request that, should the court determine that Defendants' invalidity contentions are deficient, Defendants be granted leave to use their amended invalidity contentions or further amend. (Resp. at 4.)

The court addresses Plaintiffs' challenges in turn.

1. Reservations of Right

Plaintiffs move to strike various "reservations of right" throughout Defendants' invalidity contentions. (*See* Mot. at 7-9.) According to Plaintiffs, those clauses purport to preserve Defendants' right "to rely on unidentified references, unidentified portions of references, and unidentified combinations of references." (*Id.* at 7.) Plaintiffs identify

1 approximately 14 paragraphs or portions of paragraphs in which such reservations of

2 right appear. (*See* Invalidity Contentions at 2-4, 7, 8, 16 (highlighted portions).)

3 According to Plaintiffs, these clauses "are improper because they do not provide the

4 specific information required by LPR 121." (Mot. at 8.)

5 Many of the reservations of right Plaintiffs identify are unproblematic. For

6 instance, Defendants reserve the right to supplement or amend their invalidity contentions

7 to address "newly discovered art, new constructions of the terms of the Patents[], and/or

8 new theories of invalidity." (Invalidity Contentions at 2.) Similarly, Defendants reserve

9 the right to amend their invalidity contentions should Plaintiffs "modify any assertion or

10 contention in their Infringement Contentions." (*Id.* at 3.) As Defendants correctly

11 observe, any such amendment to its invalidity contentions would be governed by Local

12 Patent Rule 124, which requires "a timely showing of good cause." Local Rules W.D.

13 Wash. LPR 124; (*see also* Resp. at 5.) Put otherwise, the above-cited clauses do nothing

14 more than acknowledge Defendants' right to move for leave to amend their invalidity

15 contentions at a later date. (Resp. at 5.) Reservations of right to that effect do not

16 contravene Patent Rule 121. *See* Local Rules W.D. Wash. LPR 124 (good cause to

17 amend may include claim construction and recent discovery of material prior art); *see*

18 *also Medtronic, Inc. v. AGA Med. Corp.*, No. C-07-0567-MMC (EMC), 2009 WL

19 513370, at \*4 (N.D. Cal. March 2, 2009) (denying a motion to strike upon finding that

20 the local patent rules did not "require[] a party to assert a claim of invalidity which is

21 only conditional and contingent on the opposing party's position").

22 //

1    However, Plaintiffs identify other reservations of right—in Defendant's original

2    invalidity contentions as well as their proposed amended contentions—of a different

3    character.  In those clauses, Defendants appear to reserve a right to rely upon unidentified

4    or uncited portions of certain references, even absent amendments to their invalidity

5    contentions.  For example, with respect to their invalidity claim charts, Defendants state:

6         Defendants have endeavored to identify exemplary disclosures in the prior
          art references that satisfy the associated claim elements. . . .  The citations
7         and quotations in the charts are representative and should not be construed
          as limiting.  For each reference, Defendants intend to rely on the reference in
8         its entirely, rather than only on the identified excerpts thereof.

9    (Invalidity Contentions at 7; Prop. Am. Invalidity Contentions at 8.)  Additionally,

10   Defendants seek to "reserve the right to rely upon foreign counterparts of U.S. patents

11   identified in these Preliminary Invalidity Contentions and U.S. and foreign patents, patent

12   applications, articles and publications corresponding to the patents, products, articles, and

13   publications identified in these Preliminary Invalidity Contentions."  (Invalidity

14   Contentions at 4; Prop. Am. Invalidity Contentions at 4.)

15        The court understands why these and similar reservations of right have raised

16   Plaintiffs' hackles:  rather than simply preserving Defendants' right to amend the

17   invalidity contentions, these clauses may be read to safeguard Defendants' ability to rely

18   on unnamed prior art references or uncited portions of references down the road, even

19   absent an amendment.  Defendants, however, cannot effect an end-run around Local

20   Patent Rule 124's good cause requirement by incorporating by reference uncited material

21   or reserving a right to rely upon uncited material.  *See Ironworks Patents LLC v.*

22   *Samsung Elecs. Co., Ltd.*, No. 17-cv-01958-HSG(JSC), 2017 WL 4573366, at \*3 (N.D.

Cal. Oct. 13, 2017) (striking the defendant's list of 29 "Additional References" where the defendant sought to reserve the right to "rely on these references as invalidating prior art," depending on subsequent developments in the litigation); *see also Mitsubishi Elec. Corp. v. Sceptre, Inc.*, No. 2:14-cv-04994-ODW (AJWx), 2015 WL 2369557, at *2-3 (C.D. Cal. May 18, 2015) (striking portions of invalidity contentions that "purported to reserve the right to rely upon cited portions of th[e] references" cited in the claim charts).

The court thus GRANTS Plaintiffs' motion to strike all clauses in the invalidity contentions that purport to allow Defendants to rely on uncited references or uncited portions of references as invalidating prior art. The court DENIES Plaintiffs' motion to strike any reservations of right that acknowledge Defendants' prerogative to move to amend their invalidity contentions in accordance with Local Patent Rule 124.

2. Failure to Identify Specific Products

Plaintiffs also seek to strike all "reference[s] to [the] alleged prior use or sale" of four categories of underwear "products" that Defendants have identified as alleged prior art: (1) "Andrew Christian products with 'Show-It' technology" (2) "Saxx underwear products," (3) "Body Tech line from UnderGear,'" and (4) "Lift Collection." (Mot. at 4; *see also* Invalidity Contentions at 6.) Plaintiffs assert that, because Defendants have identified these four categories of products by company name only, rather than "product name," Defendants' references to and reliance on these product categories violate Local Patent Rule 121(b). (Mot. at 4-5.)

Defendants' invalidity contentions identify alleged prior art in two parts: (1) prior art "[r]eferences," which cite various patents, and (2) prior art "[p]roducts," which list the

four categories of underwear products Plaintiffs highlight.  (Invalidity Contentions at 6.)

Specifically, the invalidity contentions identify prior art products as follows:

| Product | On-Sale Date |
|---|---|
| Andrew Christian products with "Show-It" technology (also referred to as Show-It Technology 2.0)<br><br>("Andrew Christian Show-It Underwear") | At least as early as March 6, 2009<br><br>(see documents produced) |
| Saxx underwear products | At least as early as March 2009<br><br>*See* http://www.youtube.com/watch?v=mfk3tJzZKPs ("The Evolution of Saxx")<br><br>(see documents produced) |
| Body Tech line from UnderGear featuring an "enhancement pouch" | At least as early as May 1, 2009<br><br>(see documents produced) |
| 2(x)ist products with "dual lifting technology" (Lift Collection) | Currently unknown<br><br>(see documents produced) |

(*Id.*)  Defendants' proposed amended invalidity contentions include essentially the same

chart, albeit with specific references to documents produced and the date of production.

(*See* Prop. Am. Invalidity Contentions at 6-7.)  Additionally, the claim charts that

accompany Defendants' invalidity contentions feature numerous references to the four

//

//

1  categories of products.  (*See generally* Park Decl. ¶ 4, Ex. 3 ("Invalidity Charts") at

2  Charts A1-G2; Prop. Am. Invalidity Contentions at Charts A1-G2.[4])

3       Defendants argue that striking references to the four categories of prior art

4  products "would be premature and inconsistent with the notice policy behind invalidity

5  contentions."  (Resp. at 7.)  Defendants explain that they identified the alleged prior art

6  products "[a]fter a diligent search . . . based on third party web pages and the Internet

7  Archive," and that "[t]he products described in those pages are almost a decade old and

8  no longer readily available."  (*Id.* at 6.)  Defendants further represent that they have

9  "prepared third party subpoenas and letters rogatory to try to obtain samples of these

10  products including specific dates of sales and use, entities involved, and product names or

11  model numbers," but, as of the filing of their response, Defendants "included all the

12  product information in [their] possession in [their] Contentions."  (*Id.* at 6-7.)  Defendants

13  state that they will seek leave to amend their invalidity contentions "to add newly

14  discovered information once, and if, it is received."  (*Id.*)

15       The court agrees with Plaintiffs that, with respect to the identification of prior art

16  "products," neither Defendants' existing invalidity contentions nor their proposed

17  amended invalidity contentions comply with Local Patent Rule 121(b).  Local Patent

18  Rule 121(b) requires that a party identify public uses or sales of the claimed invention

19  with a degree of precision not present in Defendants' existing disclosure of alleged prior

20  art products—namely, Defendants fail to identify any specific products that fall within

21

---

22  [4] When citing the Invalidity Charts, the court cites the chart number (*e.g.*, "A1") followed
the page number that appears in bold in the top-right corner of the chart.

1 | the four categories. *See* Local Rules W.D. Wash. LPR 121(b) (stating that "[p]ublic uses

2 | or sales shall be identified by specifying the item offered for sale or publicly used or

3 | known"); (Invalidity Contentions at 6.)  As Plaintiffs point out, the "documents

4 | produced" to which Defendants refer in their invalidity contentions indicate that the listed

5 | companies offered or offer several different products, none of which are specified in

6 | Defendants' invalidity contentions or the accompanying claim charts.  (*See* Mot. at 5; *see,*

7 | *e.g.*, Invalidity Charts, Chart A1 at 12-18 (referring generally to Andrew Christian

8 | boxers, briefs, and an unidentified sketch of an Andrew Christian product).)

9 |    Defendants essentially concede that their product references are deficient.  (*See,*

10 | *e.g.*, Resp. at 11 ("As to the product prior art, Rampion simply does not have it—but it

11 | provided everything it does have . . . .").)  Defendants' "lack of information to support

12 | [their contentions] does not justify non-compliance" with Local Patent Rule 121(b).  *See*

13 | *Rambus Inc. v. NVIDIA Corp.*, No. C-08-03343 SI, 2011 WL 13249391, at \*3 (N.D. Cal.

14 | Nov. 29, 2011) (ordering the defendant to "complete its investigation, and provide the

15 | information required by [the local patent rules], or . . . remove the prior art references for

16 | which it lacks the required information").  If Defendants discover evidence regarding a

17 | product sufficient to support its invalidity contentions, they may move for leave to amend

18 | their invalidity contentions.  At this time, however, the court GRANTS Plaintiffs' motion

19 | to strike all references to the four product categories identified above, both in

20 | Defendants' invalidity contentions and the accompanying claim charts, for failure to

21 | comply with Local Rule 121(b).

22 | //

### 3. Obviousness Combinations

Local Patent Rule 121(c) requires that a party disclose "[w]hether each item of prior art anticipates each Asserted Claim or renders it obvious," and, "[i]f a combination of items of prior art makes a claim obvious, each such combination must be identified." Local Rules W.D. Wash. LPR 121(c). Defendants' obviousness contentions have two parts: first, 14 lists of references—seven per Patent—enumerated in section III of the invalidity contentions; and second, hundreds of pages of claim charts that purport to set forth Defendants' obviousness combinations in greater detail. (*See* Invalidity Contentions at 9-15; Invalidity Charts at A1-G2.) Plaintiffs argue that both the lists of references and the accompanying claim charts fail to disclose the precise combinations of prior art on which Defendants will rely to show obviousness and fail to specify which patent claims are implicated by those combinations. (Mot. at 10-11; *see also* Reply at 2-4.) Defendants respond that the lists of references merely summarize the prior art references described in each claim chart, and that the claim charts adequately identify the combinations of prior art on which Defendants will rely to establish obviousness. (Resp. at 7.)

The court agrees with Plaintiffs that the lists of references enumerated in Defendants' invalidity contentions are deficient. The lists set forth "buckets" of references that would support virtually endless permutations of prior art combinations. (*See* Invalidity Contentions at 9-15.) That approach is consistently rejected in the case law and fails to comply with Local Patent Rule 121(c). *See, e.g.*, *Slot Speaker*, 2017 WL 235049, at *6-7; *Ironworks*, 2017 WL 4573366, at *1-3. Accordingly, the court

1   GRANTS Plaintiffs' motion to strike the lists of references in section III of Defendants'

2   invalidity contentions.

3          The accompanying claim charts are less obviously deficient.  Defendants provide a

4   total of 14 claim charts to address anticipation and obviousness, with each chart relating

5   to a primary reference.  Each chart consists of two columns:  (1) on the left, each asserted

6   claim of each Patent is broken into discrete claim elements that occupy separate cells; and

7   (2) on the right, Defendants identify "[e]xemplary" disclosures in prior art that

8   correspond to each claim element.  (*See* Invalidity Contentions at Charts A1-G2.)  There

9   are two problems with this arrangement.  First, Local Patent Rule 121(c) does not permit

10  the disclosure of merely "exemplary" combinations of prior art.  Defendants must

11  disclose specific obviousness combinations.  *See* Local Rules W.D. Wash. LPR 121(c).

12  Second, although the claim charts purport to assert obviousness combinations on a claim

13  element-by-claim element basis, the charts include so many potential combinations of

14  alleged prior art that they fail to reasonably apprise Plaintiffs of the obviousness

15  combinations on which Defendants intend to rely.[5]

16  _____

17          [5] In their reply, Plaintiffs provide arithmetic not present in their motion to emphasize this point.  (*See* Reply at 3.)  Plaintiffs argue that the references cited with respect to claim 1 of the '496 Patent, as set forth in chart D-1 of Defendants' proposed amended invalidity contentions,
18  could be combined in "more than 480 total different iterations" for that claim alone.  (*Id.*; *see also* Brunette Decl. ¶¶ 7-10.)  According to Plaintiffs, "Defendants' "14 charts across all asserted
19  patent claims amount to over 66,000 potential combinations of references against specific patent claims." (Reply at 3 (emphasis omitted).)  Defendants move to strike these portions of Plaintiffs'
20  reply and Mr. Brunette's declaration on the ground that "[t]he argument that there are too many combinations was never made in Plaintiffs' opening papers, but it certainly could have been
21  made then." (Surreply at 1.)  The court finds Defendants' objection misplaced.  Plaintiffs did argue in their motion that Defendants' invalidity contentions "include any number of *unidentified*
22  combinations"—albeit in the context of the lists of references—and asserted their calculations in direct response to Defendants' argument that the claim charts "identify asserted specific

1    The court acknowledges that an accused infringer is not required to "spell out in

2    exact detail every particular combination it intends to assert." *Slot Speaker*, 2017 WL

3    235049, at *6 (quoting *Fujifilm Corp. v. Motorola Mobility LLC*, No. 12-cv-03587-WHP,

4    2015 WL 757575, at *28 (N.D. Cal. Feb. 20, 2015)).  Under one line of authority, courts

5    have found that a defendant satisfies its obligation to disclose obviousness contentions,

6    even if its approach results in "'billions of possible obviousness combinations,'" as long

7    as the defendant "reasonably specifies" the possible combinations of prior art references

8    that allegedly render the asserted claims obvious.  *Rambus*, 2011 WL 13249391, at *5-6

9    (quoting *Avago*, 2007 WL 951818, at *4); *see also Keithley v. The Homestore.com, Inc.*,

10   553 F. Supp. 2d 1148, 1150 (N.D. Cal. 2008).  In those cases, the defendants organized

11   prior art references into groups and articulated an overarching theory of obviousness that

12   applied to "each and every possible combination[]" of prior art within the groups.  *Avago*,

13   2007 WL 951818, at *4; *Rambus*, 2011 WL 13249391, at *5-6; *Keithley*, 553 F. Supp. 2d

14   at 1150.

15       Here, Defendants have not adopted a "grouping" approach that reasonably

16   apprises Plaintiffs of their obviousness contentions.  Rather, Defendants have charted

17   various primary references in conjunction with multiple additional references per claim

18   element, giving rise to an unreasonably large assortment of potential combinations of

19   prior art untethered to any discernable theory or theories of obviousness.  This approach

20   fails to satisfy the purpose of Local Patent Rule 121(b)—to put Plaintiffs on reasonable

21   _____

22   combinations on a claim element-by-claim element basis." (Resp. at 7.)  The court thus DENIES
     Defendants' motion.

notice of the possible combinations of prior art references that allegedly render the

asserted claims obvious. *See* Local Rules W.D. Wash. LPR 121(c). "[T]o the extent that

[Defendants'] approach involves grouping of prior art, [Defendants] must explain which

prior art references fall into a particular group, as well as the theory of obviousness for

combinations from particular groups." *See Slot Speaker*, 2017 WL 235049, at *7

(striking obviousness contentions where the defendant relied upon a primary reference

"in combination with the other charted prior art references," without specifying whether

the defendant intended to rely upon "any, some, or all of the charted prior art

references").

The court thus GRANTS Plaintiffs' motion to strike Defendants' obviousness

contentions, with leave to amend consistent with the above discussion.

### 4. Specificity of Prior Art Claim Charts

Under Local Patent Rule 121(d), a party defending against a claim of infringement

must provide a chart for each item of alleged invalidating prior art that specifically

identifies where each element of each asserted claim of the patents-in-suit is found.

Local Rules W.D. Wash. LPR 121(d). Likewise, the court's Standing Patent Order

requires "a chart that identifies where in each piece of prior art each element of each

asserted claim is found." SPO at 2. Plaintiffs argue that Defendants' claim charts fail to

satisfy these requirements.

Courts in the Northern District of California have concluded that the level of

specificity required by a substantially similar local patent rule is the same as that required

for disclosure of infringement contentions. "Broad or general disclosures are

insufficient." *Slot Speaker*, 2017 WL 235049, at *2 (internal quotation marks and citation omitted); *see also Largan Precision Co. Ltd. v. Genius Elec. Optical Co.*, No. 13-cv-02502-JD, 2012 WL 6882275, at *4 (N.D. Cal. Dec. 5, 2014) ("The requirement that the invalidity contentions disclose whether each item of prior art anticipates each asserted claim or renders it obvious would be a dead letter if parties could avoid it with broad disclaimers.").

To support their argument that Defendants' claim charts lack the specificity required by Local Patent Rule 121(d), Plaintiffs highlight chart D1's disclosures regarding the fourth limitation of claim 1 of the '496 Patent. (Mot. at 11.) Defendants identify the fourth element of claim 1 of the '496 Patent as follows:

> [1.4] the stretch panel being resiliently elastic both in a direction between the top edge and the bottom edge and in a direction between the side edges, the stretch panel having a length when unstretched smaller than a length measured along the front portion between the top and bottom locations and a width when unstretched smaller than a width measured along the front portion between the side seams such that the front portion is gathered from side-to-side and top-to-bottom by the stretch panel and defines a three-dimensional pouch between the stretch panel and the front portion for receiving the wearer's genitals and holding the wearer's genitals while the garment is being worn.

(Invalidity Contentions, Chart D1 at 31-32.)

In locating this claim element in the asserted references, Defendants merely reproduce large portions of, and figures from, the references, without stating how those excerpts disclose each element of the limitation. (*See id.* at 31-48.) In fact, Defendants copy and paste the very same portions of the references with respect to multiple elements within the claim limitation. (*Id.* at 31-46 (repeating three times the same excerpted text

1  and figures from a reference, without indicating where each claim element is found).)

2  Defendants' proposed amended chart D1 suffers the same deficiencies.  Defendants

3  merely highlight portions of the excerpted references and add arrows pointing to specific

4  areas of the figures.  This approach falls short of the obligation imposed by Local Patent

5  Rule 121(d).

6        The court thus GRANTS Plaintiffs' motion to strike the aforementioned portions

7  of chart D1 and all other portions of the claim charts that fail to identify where each claim

8  limitation may be found in the alleged prior art, with leave to amend consistent with the

9  principles discussed above.[6]

10        5.  Leave to Amend

11        Plaintiffs argue that the court should deny Defendants leave to amend because

12  "[Defendants] ha[ve] already taken [their] own leave to do so (in the form of the

13  [Amended] Contentions), and ha[ve] provided proposed amended contentions that also

14  fail to comply with the [Local Patent Rules] and the [Standing Patent Order]."  (Reply at

15  //

16

---

17        [6] Plaintiffs also argue that, "because Defendants organized the Charts around *groups* of
    references (rather than a chart for each reference), Plaintiffs cannot discern what claim elements
18  are found in a given reference without reviewing each of the seven Charts per patent." (Mot. at
    12.)  Plaintiffs suggest that Local Patent Rule 121(d) requires that Defendants provide one chart
19  per reference, in which Defendants identify where each element of each asserted claim is found
    in that particular reference. (*Id.*)  Plaintiffs cite no support for that interpretation of the Local
20  Patent Rules or similar rules in other districts (*see generally id.*), and the court declines to adopt
    it.  Local Patent Rule 121(d) may envision the provision of reference-by-reference claim charts,
21  but it does not expressly require that the "chart identifying where specifically in each alleged
    item of prior art each element of each asserted claim is found" be separate from any charts that
22  disclose anticipation and obviousness contentions. *See generally* Local Rules W.D. Wash. LPR
    121(d).

6.)  According to Plaintiffs, granting leave to amend would only allow Defendants

"another bite at the apple" to correct its deficient contentions.  (*Id.*)

The court concludes that leave to amend is appropriate here.[7]  First, the court

acknowledges that the Local Patent Rules impose a strict timeline on accused infringers'

invalidity contentions.  *See* Local Rules W.D. Wash. LPR 121 (providing that an accused

infringer must serve its invalidity contentions within 30 days of service upon it of the

plaintiff's infringement contentions).  Although that timeline does not excuse

non-compliance with the Rules' substantive requirements, a party is better able to clarify

and streamline its invalidity contentions as the litigation progresses.  Defendants should

be afforded an opportunity to do so.  Moreover, this case is in its relatively early stages.

Expert witness reports are not due until the end of next month, discovery closes in three

months, and trial is some eight months away.  (*See* Sched. Order (Dkt. # 22) at 2.)

Plaintiffs will not suffer undue prejudice if Defendants are granted leave to amend.

The court thus GRANTS Defendants leave to amend their invalidity contentions,

consistent with the discussion herein, and ORDERS Defendants to serve their newly

amended invalidity contentions on Plaintiffs within 30 days of the filing date of this

order.  The court notes that, in their reply, Plaintiffs allege that Defendants added to their

proposed amended invalidity contentions additional, new references, which were not

specifically related to the deficiencies identified in Plaintiffs' motion to strike.  (Reply at

---

[7] A party requesting leave to amend in response a motion to strike need not make the same showing of "good cause" that must support a motion to formally amend its contentions. *Slot Speaker*, 2017 WL 235049, at *9.

1    3-4.)  Should Defendants seek to add new material to their forthcoming amended

2    invalidity contentions, as opposed to clarifying their existing invalidity theories, they

3    must seek the court's leave pursuant to Local Patent Rule 124.   Further, in the event

4    Plaintiffs believe Defendants' newly amended invalidity contentions remain deficient,

5    Plaintiffs must meet and confer with Defendants to attempt to resolve the issues before

6    filing any additional motions to strike.

7                              IV.    CONCLUSION

8          For the foregoing reasons, the court GRANTS in part and DENIES in part

9    Plaintiffs' motion to strike Defendants' invalidity contentions.  (Dkt. # 33.)  The court

10   further GRANTS Defendants leave to amend their invalidity contentions, consistent with

11   the discussion herein, within 30 days of the filing date of this order.

12         Dated this 15th day of July, 2019.

13

14   _____

15   The Honorable James L. Robart
     U.S. District Court Judge

16

17

18

19

20

21

22